ALLEN C. DORN,
      Plaintiff,

v.

NANCY A. BERRYHILL,[1] Acting
Commissioner of Social Security,
      Defendant.

**DECISION AND ORDER**
16-cv-6635 (JWF)

## Preliminary Statement

Plaintiff Allen C. Dorn brought this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See Docket ## 10, 13. For the following reasons, plaintiff's motion (Docket # 10) is **denied** and the Commissioner's motion (Docket # 13) is **granted**.

## Background and Procedural History

Plaintiff applied for DIB on September 18, 2012 and SSI on December 31, 2012. Administrative Record ("AR.") at 198, 200. In both applications he alleged an onset date of July 1, 2011. See

---

[1] Under Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted for the prior Commissioner of Social Security, Carolyn W. Colvin, against whom this suit was originally commenced.

1

id. On April 19, 2013, he received a Notice of Disapproved Claim. AR at 91. He timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). AR. at 98. On November 13, 2014, a hearing was held before ALJ Brian Kane. AR. at 17. Plaintiff appeared at the hearing with an attorney, Justin Goldstein, Esq. Id. On December 19, 2014, the ALJ issued a decision, determining that plaintiff was not disabled under the Act. AR. at 17-29. Plaintiff timely filed a request for review of the ALJ's decision by the Appeals Council. AR. at 5. On July 15, 2016, the Appeals Council refused to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. AR. at 1-3. Plaintiff then commenced this lawsuit.

## Discussion

Plaintiff alleges disability due to, *inter alia*, intellectual disability, learning disorder, and attention deficit hyperactivity disorder ("ADHD"). See AR. at 310. At step two of the familiar five-step sequential analysis, the ALJ determined that plaintiff had severe impairments of intellectual deficits and ADHD. AR. at 19. At step three, the ALJ determined that plaintiff's impairments did not meet or medically equal one of the listings. AR. at 20-24. The ALJ found that the plaintiff was able to perform the full range of work at all exertional levels but was limited to simple unskilled activities and simple production work involving one or two step processes. AR. at 24. At step four, the ALJ found that

2

plaintiff had no relevant past work. AR. at 27. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and determined that plaintiff could perform several jobs in the national economy, including laundry laborer, cleaner, and bottling line attendant. AR. at 28.

On appeal, plaintiff argues that remand is required for two reasons.[2] First, plaintiff contends that "the ALJ failed to make any findings regarding Mr. Dorn's ability to read" and then failed to incorporate plaintiff's reading limitations into his hypothetical questions directed to the VE. See Pl's Mem. (Docket #10-1) at 9-12. I disagree. The hearing transcript and the ALJ's decision support a finding that the ALJ adequately considered plaintiff's limitations in reading in arriving at the assigned RFC. There is no question that plaintiff's intellectual capacities are limited, but the record confirms that the ALJ was well-aware of plaintiff's educational background, special education classes and limited reading skills. The ALJ stated in his decision that the "educational and medical record fails to show that [plaintiff's] impairments are severe enough to justify a finding of disability." AR at 25. The ALJ then recounted plaintiff's testimony that "he had trouble reading" and explicitly summarized

---

[2] In his pre-hearing brief to the ALJ, plaintiff's counsel argued that plaintiff's intellectual limitations met the requirements of Listing 12.05(C). AR. at 310. That argument was not made in the instant motion for judgment on the pleadings.

3

the reading skills assessment set forth in plaintiff's High School Individualized Education Program completed in 2009. AR at 25. That assessment determined that plaintiff "struggled" with reading and spelling, but "[t]hrough a classroom reading program [plaintiff] has started reading independently and seems to enjoy it. This has boosted his confidence and increased his fluency. He does feel better about his abilities because he will occasionally volunteer to read aloud in classes." AR. at 225. Although he did not specifically mention reading, in formulating an RFC the ALJ found that the plaintiff "has a limited education." AR at 27. The "ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." Brault v. Soc. Sec. Admin., Com'r, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation and citation omitted). After careful review of the administrative record, I conclude that in formulating plaintiff's RFC, the ALJ did sufficiently consider plaintiff's limited reading abilities.

Plaintiff also claims error in the ALJ's failure to incorporate limitations as to plaintiff's reading skills in the hypothetical questions posed to the VE. Again, this argument is not persuasive. While it is true that none of the hypothetical questions posed by the ALJ included any mention of plaintiff's reading skills, the VE was aware of these limitations due to plaintiff's own testimony. The VE testified that she took into account plaintiff's limited language skills when formulating her

4

opinions. AR 65-66. Moreover, plaintiff's counsel was given the opportunity to ask his own hypotheticals and cross-examine the VE and never asked any questions that mentioned or challenged the VE's opinion that plaintiff's reading skills would inhibit his ability to perform the jobs that the VE identified.[3] See Chandler v. Sec'y of Health & Human Servs., 42 F.3d 1388 (6th Cir. 1994) ("Here, although the hypothetical question made no specific reference to Chandler's borderline IQ, reading disorder, or illiteracy, the vocational expert was aware of these conditions due to Chandler's own testimony. Further, Chandler could have questioned the expert concerning the impact of these specific factors.").

Finally, plaintiff claims error because "it is not clear on what basis the ALJ rejected [the consultative examiner] Dr. Finnity's opinion that [plaintiff] would have a mild to moderate limitation learning new tasks." Pl.'s Mem. (Docket # 10) at 12. Dr. Finnity performed a psychiatric evaluation of plaintiff in March 2013 and found "no evidence of limitation" in plaintiff's (1) "ability to follow and understand simple directions and perform simple tasks"; (2) ability to maintain a regular schedule; and (3) ability to make appropriate decisions, relate to others and deal

---

[3] Plaintiff concedes that the jobs identified by the VE were positions that required the lowest level of language development as determined in the Dictionary of Occupational Titles. See Plaintiff's Memorandum of Law at page 12.

with stress. AR. at 331-334. However, in the same report, Dr. Finnity found that plaintiff was "mildly or moderately limited in his ability to learn new tasks or perform complex tasks." AR at 333. Looking at the record as a whole, the ALJ adequately accommodated plaintiff's ability to learn new tasks in formulating the RFC. The ALJ determined that plaintiff was limited to simple unskilled activities and simple production work.[4] The ALJ adopted the expert opinion of the VE and identified jobs that incorporated reasoning, math and language levels at the lowest level and only work that involved one or two step processes. AR at 24, 65. The fact that the ALJ did not expressly attribute these restrictions to particular evidence in the record does not require remand, especially where there was other evidence in the record, specifically the opinion of T. Harding, Ph.D, that supported a finding that plaintiff was capable of understanding, remembering and following simple one-two step tasks. See AR at 82-90. In sum, the RFC formulated by the ALJ adequately took into account all the medical evidence in the record.

## Conclusion

It is not for this Court to decide the ultimate question of whether plaintiff is disabled under the Act. "Where the

---

[4] The regulations define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time" and explains that a person can usually learn to do the job in 30 days and little specific vocational preparation and judgment are needed." See 20 C.F.R. § 416.968.

Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002); see Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder.") (citation omitted). Based on the foregoing, plaintiff's motion for judgment on the pleadings (Docket # 10) is **denied** and the Commissioner's motion (Docket # 13) is **granted**. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: July 5, 2018
Rochester, New York